State of Iowa, appellee, v. Owen James Ashland, appellant.

No. 51857.

October 18, 1966.

Martin R. Dunn, of Des Moines, for appellant.

Lawrence F. Scalise, Attorney General, Don R. Bennett, Assistant Attorney General, and Ray A. Fenton, County Attorney, for appellee.

Snell, J.—Defendant was indicted, tried before a judge and jury, found guilty of Robbery with Aggravation and sen-

tenced pursuant to section 711.2, Code of Iowa. He has appealed.

At approximately 10:45 or 11 p.m. on February 17, 1965, Raymond Franklin, while an employee at a gas station in Des Moines, was robbed at gunpoint. Less than an hour later defendant was arrested on the north edge of Indianola.

Defendant admitted to the arresting officers and as a witness in his own behalf at the trial that he committed the robbery. He admitted the use of a .22 caliber pistol in committing the robbery. .22 caliber long rifle shells were found in the car in which defendant was riding when stopped and arrested. Defendant said he used the gun to put his victim in fear. He testified that the gun was not loaded, that he had no intent to harm his victim; and "If the fellow had said, no, you go out of here, I would have left. I could not stand there and argue with him. This fellow appeared to be scared, to me."

At the trial below defendant objected and on this appeal argues that it was error for the court to instruct that a gun constitutes a dangerous weapon.

I.  Section 711.1, Code of Iowa, is as follows:

"Definition—punishment. If any person, with force or violence, or by putting in fear, steal and take from the person of another any property that is the subject of larceny, he is guilty of robbery, and shall be punished according to the aggravation of the offense, as is provided in sections 711.2 and 711.3."

Section 711.2 provides:

"Robbery with aggravation. If such offender at the time of such robbery is armed with a dangerous weapon, with intent, if resisted, to kill or maim the person robbed; * * * he shall be imprisoned in the penitentiary for a term of twenty-five years."

Section 711.3 provides for a shorter imprisonment for robbery otherwise than is mentioned in section 711.2.

The court instructed the jury: "You are instructed that a gun, or a pistol, or a revolver, under the law, constitutes a dangerous weapon."

Defendant argues that this was error and that the question of whether a pistol is a dangerous weapon is a question of

fact to be decided by the jury. He argues that "an unloaded firearm is no different from a club or any other instrument designed to be used as a bludgeon, or for that fact a toy pistol, a rope or a knife."

We do not agree. Such a conclusion is contrary to the provisions and definitions in our statutes and unsound in the light of all human experience.

Guns kill people. All too often tragedy follows the use of a gun the user thought or claimed was unloaded.

A gun in the hands of a robber and pointed at the victim causes fear of death or injury and is so intended. The law does not contemplate that a victim under such circumstances must inquire if the gun is loaded. Neither does the law contemplate that there was no use of a dangerous weapon if it should be subsequently determined that the gun was in fact unloaded.

Section 695.1, Code of Iowa, in the chapter entitled "Weapons, Firearms, and Toy Pistols", provides:

"Any person who with intent to use the same unlawfully against the person of another goes armed with a pistol, revolver * * * *or other dangerous or deadly instrument* shall be guilty of a felony * * *." (Emphasis added.)

Section 695.2, Code of Iowa, provides:

"It shall be unlawful for any person, except as hereinafter provided, to go armed with or carry a * * * *pistol, revolver* * * * *or other offensive or dangerous weapon* * * *." (Emphasis added.)

These two statutes clearly indicate that as a matter of law pistols and revolvers are dangerous weapons. Pistols and revolvers are specifically listed and reference is then to other dangerous weapons. The naming of pistols and revolvers followed by the words "other dangerous weapon" clearly designates the listed items as dangerous weapons by statute. Items not specifically named might be factually found to be dangerous weapons but in the case before us the fact had been found by the legislature and there was no such question to be submitted to the jury.

We find nothing in our statutes requiring proof that a gun is loaded in order to bring it within the definition of a danger-

ous weapon. Neither do we find anything in our statute indicating that testimony by a robber that his gun was not loaded changes the question from one of law to one of fact.

In State v. Williams, 70 Iowa 52, 55, 29 N.W. 801, the statement was not necessary to the decision but it was said "* * * had the court instructed the jury that a revolver is a weapon, it would have been the simple statement of a fact known to the jury in common with all the world."

In the case at bar we paraphrase the dictum and hold that when the trial court told the jury that a pistol or revolver is a dangerous weapon he stated a fact recognized by the law and the factual experience of mankind. The court did not invade the province of the jury.

A similar question was before the California court in 1927. In People v. Shaffer, 81 Cal. App. 752, 755, 254 P. 666, 667, the California court said:

"Appellant's next contention is that the accused was not armed with a deadly weapon because there was no direct proof that the revolver was loaded, and for that reason defendant could not be convicted of robbery in the first degree. We do not believe this point to be well taken. An unloaded revolver is a 'dangerous' weapon within the meaning of section 211a of the Penal Code."

In other jurisdictions an unloaded gun or pistol has been variously considered a dangerous weapon or not, depending on the manner of its use and also on the occasion of its use. In assault cases it has been held that an unloaded gun is not a dangerous weapon within the contemplation of statutes punishing aggravated assaults.

With the exception of Wisconsin, it has been generally held that an unloaded gun or pistol is a dangerous weapon within the meaning of a statute denouncing robbery while armed with a dangerous weapon. See annotation, 74 A. L. R. 1206.

State v. Calhoun, 72 Iowa 432, 34 N.W. 194, 2 Am. St. Rep. 252, cited by appellant involved the use of a rope. A rope is not classified with pistols as a dangerous instrument and there was a question for the jury. The case is not analogous.

State v. Hill, 258 Iowa 932, 935, 140 N.W.2d 731, 733, in-

volved a charge of carrying a concealed weapon contrary to section 695.2, Code of Iowa, referred to supra. The alleged weapon was a pocketknife. We said:

"It is obvious the knives carried by defendant could not be classified as any of the items specifically mentioned in the above section, and so the principal question presented on this appeal is whether they were 'other offensive or dangerous weapons' within the meaning of section 695.2. The answer to that question requires an interpretation of those terms as used in the section."

In that case there was a question of fact under the "other offensive or dangerous weapon" provision. Here we have specific mention of pistols and revolvers.

We find no error in the instruction.

II. The instruction about dangerous weapons should not be confused with the question of intent. Proof of intent is a necessary element under section 711.2, Code of Iowa.

Defendant denied any intent to use his weapon.

We have examined the court's instructions and find that the question of intent was properly submitted to the jury. The instruction has nowhere been challenged. The jury found against defendant on all issues. We find no error.

III. We call attention of counsel to the provisions of Supreme Court rule 18, and rule 344, Rules of Civil Procedure. In citing cases determined by this court, which have been officially reported, reference must be made to the volume and page where the case may be found in the Iowa Reports. Appellant's brief does not comply with the rules.

The case is—Affirmed.

All JUSTICES concur.