**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Bobby Joe CARTY, Defendant-Appellant.**

No. 71-1525

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 13, 1971.

---

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

John M. Mankin, Tampa, Fla., court appointed for defendant-appellant.

John L. Briggs, U. S. Atty., Hugh N. Smith, Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Appellant was found guilty on one count (count 1) of transporting a stolen motor vehicle interstate, 18 U.S.C. § 2312 (1970), and three counts (counts 2, 3 and 4) of interstate transportation of stolen firearms, 18 U.S.C. §§ 922(i), 924(a) (Supp.1971). He was sentenced by the trial judge to five years on each count, with counts 1 and 2 running consecutively, count 3 running concurrently with count 1, and count 4 running concurrently with count 2, for a total of ten years.

Appellant contends he was given a sentence that is "unreasonable and severe" because he chose to exercise his constitutional right to plead not guilty and demand a jury trial. In support of this contention, he contrasts his sentence with that of his codefendant who pled guilty and was sentenced under the Youth Corrections Act, 18 U.S.C. § 5010(b) (1969). The sentencing process may not, of course, be used to punish the accused for exercising his constitutional rights, Baker v. United States, 5th Cir., 412 F.2d 1069, cert. denied, 396 U.S. 1018, 90 S.Ct. 583, 24 L.Ed.2d 509 (1970). The record in this case does not, however, support appellant's contention. We note the following points in holding that the trial judge did not abuse his discretion in sentencing appellant: The ten year sentence imposed was within the statutory limit, see Baker v. United States, *supra*, and Marin v. United States, 5th Cir. 1965, 352 F.2d 174; Carty had a prior felony conviction while his codefendant had no prior record; and the trial judge had the benefit of a presentence report on appellant. Moreover, appellant and his codefendant were sentenced by different judges.

In his reply brief to this Court, appellant raises a second point that the Government agrees is well taken. In its original brief to this Court and presumably in the trial court, the Government asserted that the maximum prison term to which appellant could be sentenced was twenty years, five years on each of the four counts. The Government was in error. In Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955), appellant was convicted of two counts of violating the Mann Act, 18 U. S.C. § 2421 (1970), in that he had transported two women across a state line for the purpose of debauchery, etc. He was sentenced to two and one-half years on each count, the terms to run consecutively. The Supreme Court reversed, holding appellant could only be sentenced for a single offense and not for two counts based on a single state line crossing with two women in the car. The Court found no indication in the statute that punishment could be cumulated for each woman transported in a given trip across a state line.

*Bell* controls the instant case. 18 U.S.C. § 922(i) under which appellant was convicted, as the Mann Act, makes no provision for separate sentences for each firearm transported. Counts 2, 3 and 4 are attributable to three separate weapons that Carty took across a state line in a single trip. He can, therefore, be sentenced to a maximum of ten years, five for transporting the stolen car and five for the weapons. The trial court's sentence is thus still within legal limits. Nevertheless, the court

may have been influenced by its belief that the maximum sentence permissible was twenty years. Also, appellant's record should show only one conviction rather than three for the offense of transporting stolen weapons interstate. Therefore, counts 3 and 4 must be merged into count 2 or vacated.

We vacate appellant's sentence and remand to the district court for resentencing.

Sentence vacated and remanded with directions.