**STATE of Iowa, Appellee,**

v.

**Brice Martin NICHOLS, Appellant.**

**No. 62029.**

Supreme Court of Iowa.

March 21, 1979.

Martha C. Shepard and John C. Wellman, Polk County-Des Moines, Offender Advocate, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Kermit L. Dunahoo and Lona Hansen, Asst. Attys. Gen., and Dan Johnston, Polk County Atty., Des Moines, for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, McCORMICK and ALLBEE, JJ.

McCORMICK, Justice.

Defendant Brice Martin Nichols was convicted by jury and sentenced for robbery in the first degree in violation of sections 711.1 and .2, Code Supp.1977. The sole question here is whether the evidence was sufficient to show he used a dangerous weapon in committing the offense. We find the evidence was sufficient and therefore affirm the trial court.

The State introduced evidence from which the jury could find defendant entered a Git-N-Go store in Des Moines in the late evening of February 19, 1978. He said something to the clerk which she did not understand. When she asked him to repeat it, he lifted his shirt and patted a pistol which was stuck in the waistband of his trousers. He told the clerk to open the cash register and give him the money. She did so and he left the store.

Aided by information from the clerk, the police arrested defendant within minutes of the incident. They found a .38-caliber Colt semiautomatic pistol on a nearby bridge, and the clerk later identified it as the weapon used in the offense. No bullets were found in the weapon or in defendant's possession.

Defendant moved for directed verdict and objected to instructions, contending the State's evidence was insufficient to permit the jury to find he was "armed with a dangerous weapon." When the perpetrator of a robbery purposely inflicts or attempts to inflict serious injury or is armed with a

dangerous weapon, the offense is robbery in the first degree under section 711.2. The State acknowledges defendant did not inflict or attempt to inflict serious injury, but it maintains the evidence was sufficient to authorize the jury to find he was armed with a dangerous weapon.

The legislature has defined "dangerous weapon" in section 702.7 as follows:

A "dangerous weapon" is any instrument or device designed primarily for use in inflicting death or injury upon a human being or animal, and which is capable of inflicting death upon a human being when used in the manner for which it was designed. Additionally, any instrument or device of any sort whatsoever which is actually used in such a manner as to indicate that the defendant intends to inflict death or serious injury upon the other, and which, when so used, is capable of inflicting death upon a human being, is a dangerous weapon. Dangerous weapons include, but are not limited to, any offensive weapon, pistol, revolver, or other firearm, dagger, razor, stiletto, or knife having a blade of three inches or longer in length.

In the present case the trial court instructed the jury that a pistol is a dangerous weapon.

Defendant contends that a pistol is not a dangerous weapon unless it is loaded, and he points out that the State introduced no evidence the pistol was loaded at the time of the present offense.

The question in this case was decided under the predecessor robbery statute in *State v. Ashland*, 259 Iowa 728, 145 N.W.2d 910 (1966). In that case this court said:

A gun in the hands of a robber and pointed at the victim causes fear of death or injury and is so intended. The law does not contemplate that a victim under such circumstances must inquire if the gun is loaded. Neither does the law contemplate that there was no use of a dangerous weapon if it should be subsequently determined that the gun was in fact unloaded.

259 Iowa at 730, 145 N.W.2d at 911. We commented upon the *Ashland* holding in *State v. Lawr*, 263 N.W.2d 747, 749 (Iowa 1978), saying, "As we said in *Ashland* one facing a gun in the hands of a robber should not be required to ask if it is loaded."

Defendant argues that the definition of dangerous weapon in present section 702.7 requires a different result. He asserts that under the first sentence of the definition no weapon is dangerous unless it is not only designed for use in inflicting death or injury but also actually capable of inflicting such harm at the time of its use.

However, even apart from the flat statement in the last sentence of the statutory definition that dangerous weapons include pistols, the definition is not so exacting. The capability requirement is that the weapon be "capable of inflicting death upon a human being when used in the manner for which it was designed." No one could seriously contend that a pistol lacks this characteristic.

Furthermore, nothing in the relevant statutes manifests an intent by the legislature to depart from prior law. We have recognized that the criminal law revision which includes these statutes is primarily a restatement of prior law. *See Emery v. Fenton*, 266 N.W.2d 6, 8 (Iowa 1978). Changes made by revision of a statute will not be construed as altering the law unless the legislature's intent to change the meaning is clear and unmistakable. *Kelly v. Brewer*, 239 N.W.2d 109, 114 (Iowa 1976).

We hold that the State is not required to establish that a pistol was loaded at the time of the offense to prove its character as a dangerous weapon in a prosecution for robbery in the first degree. The trial court was correct in so ruling.

Cases relied upon by defendant were not decided under statutory provisions like those involved here, and we find them unpersuasive.

AFFIRMED.