**STATE of Iowa, Appellee,**

v.

**Larry J. HEMMINGER, Appellant.**

**No. 64460.**

Supreme Court of Iowa.

July 15, 1981.

Gary B. Garrison, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Thomas N. Martin, Asst. Atty. Gen., Dan L. Johnston, Polk County Atty. and Ronald L. Wheeler, Asst. Polk County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, McCORMICK, ALLBEE and SCHULTZ, JJ.

ALLBEE, Justice.

Following a jury trial, defendant Larry J. Hemminger was found guilty of robbery in the first degree in violation of sections 711.1 and 711.2, The Code 1979. Having been convicted of a forcible felony, § 702.11, The Code 1979, his sentence included a mandatory minimum term of five years imprisonment. See § 902.7, The Code 1979. On appeal, defendant challenges both his conviction and sentence, asserting numerous errors. We affirm.

The operative facts are largely undisputed. On April 26, 1979, a convenience store on the south side of Des Moines was robbed by a man armed with a revolver. Shortly after the robbery took place, defendant was apprehended near the scene when the vehicle he was driving became stuck in the ditch of an unpaved street. A police officer who had been following defendant observed him get out of his vehicle and toss something farther down the side of the street. An old revolver and a paper bag filled with money were subsequently recovered.

On July 1, 1979, defendant was accused by trial information with robbery in the first degree in connection with the convenience store holdup. Included in the information was the allegation "that during the commission of this offense, the said Larry J. Hemminger represented that he was in the immediate possession and control of a firearm, displayed a firearm in a threatening manner, or was armed with a firearm." On September 19, pursuant to defendant's agreement to plead guilty, the State's motion to strike the above-quoted language from the information was sustained and defendant's plea of guilty accepted. Subsequently, on October 26, defendant filed a motion in arrest of judgment, requesting for reasons not material here that his guilty plea be withdrawn. A district judge granted this motion, reinstated defendant's plea of not guilty and set trial for November 13. On the day of trial, immediately prior to the selection of the jury, the State moved to reinstate the language in the trial informa-

tion which had previously been deleted. This motion was made and sustained in defendant's absence. Following trial, the jury returned its verdict of guilty of robbery in the first degree.

## I. *Amendment of the trial information.*

■ Defendant initially contends he is entitled to a new trial because the hearing and ruling on the State's motion to reinstate the language in the trial information was held during his trial and in his absence. *See* Iowa R.Crim.P. 23(2)(b)(1). We note that this assignment of error is predicated solely upon those provisions of our rules of criminal procedure pertaining to an accused's presence during criminal proceedings; defendant asserts no constitutional basis for this challenge.

Rule 25 of the Iowa Rules of Criminal Procedure provides for the personal presence of defendants in criminal proceedings. In part pertinent here the rule requires:

In felony cases the defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. In other cases the defendant may appear by counsel.

Iowa R.Crim.P. 25(1). Under defendant's theory of error, the dispositive question thus is whether the State's motion was made and decided at a "stage of the trial."

We do not accept defendant's contention that a stage of his trial was conducted in his absence. From the record, it appears that shortly after 9 a. m. of the day assigned for defendant's trial, the State's motion was presented to and ruled on by the district judge who had granted the defendant's motion in arrest of judgment and reinstated the plea of not guilty. The judge's action on the motion simply restored to the trial information that part of the original accusation deleted in connection with the earlier agreement relating to defendant's guilty plea. Defendant's trial was scheduled before a different district judge, and that proceeding commenced the same morning following disposition of the State's motion. Apparently defendant was present in the courtroom of the judge who presided at trial at the time the State's motion was being considered. In any event, defendant acknowledges that he was present throughout the impaneling of the jury, during the reading of the accusation from the information as finally amended by the State's motion, *see* Iowa R.Crim.P. 18(3)(a)(1), and at every subsequent stage of the trial. Thus, contrary to defendant's assertion, we are satisfied that his trial did not begin without his presence.

Moreover, the entertaining of the State's motion was not a "stage of the trial" within the meaning of rule 25(1); this event involved only a pretrial amendment of the pleadings. *See* Iowa R.Crim.P. 10(1) (defining pleadings in criminal proceedings). That is, the trial information was amended by leave of court pursuant to the State's motion. The motion dealt strictly with a legal issue, and no evidence was presented. In addition, defendant's counsel candidly conceded in argument that defendant's presence at the hearing on the State's motion would not have affected the court's ruling. Hence, it is apparent that no benefit would have inured to defendant had he been present, and it is equally clear no prejudice resulted from his absence. *See State v. Dreessen,* 305 N.W.2d 438, 440 (Iowa 1981) (court's communication with jury in absence of defendant and his attorney did not prejudice defendant). Accordingly, this assignment of error, grounded solely upon rule 25(1), is without merit.

## II. *Submission of issue of robbery in the first degree.*

■ As previously stated, defendant was charged with robbery in the first degree, which is committed when the perpetrator of a robbery purposely inflicts or attempts to inflict serious injury or is armed with a dangerous weapon. § 711.2, The Code 1979. It is under the latter definition that defendant was charged. Defendant moved for dismissal and judgment of acquittal and objected to certain instructions, contending

the State's evidence was insufficient to permit the jury to find he was "armed with a dangerous weapon."

The term "dangerous weapon" is defined as follows:

A "*dangerous weapon*" is any instrument or device designed primarily for use in inflicting death or injury upon a human being or animal, and which is capable of inflicting death upon a human being when used in the manner for which it was designed. Additionally, any instrument or device of any sort whatsoever which is actually used in such a manner as to indicate that the defendant intends to inflict death or serious injury upon the other, and which, when so used, is capable of inflicting death upon a human being, is a dangerous weapon. Dangerous weapons include, but are not limited to, any offensive weapon, pistol, revolver, or other firearm, dagger, razor, stiletto, or knife having a blade of three inches or longer in length.

§ 702.7, The Code 1979 (emphasis in original).

Defendant contends that a revolver is not a "dangerous weapon" unless it is "capable of inflicting death." He argues that trial court's submission of the issue of first degree robbery constituted error in light of the absence of evidence introduced by the State that the revolver used in the commission of the present offense was capable of being fired. We do not agree.

Initially we note that the last sentence of the statutory definition expressly provides that dangerous weapons include revolvers. Moreover, we have previously observed that this definition of "dangerous weapon" goes to the character of the instrument utilized. *See State v. Nichols*, 276 N.W.2d 416, 417 (Iowa 1979). Thus, working condition should never be an issue where the instrument employed has the character of a dangerous weapon. Finally, we note that the capability requirement is that the weapon be "capable of inflicting death upon a human being when used in the manner for which it was designed." As we stated in *Nichols*, "[n]o one could seriously contend that a pistol lacks this characteristic." *Id.* That reasoning is equally applicable here.

In short, we hold the State was not required to demonstrate that the revolver used in the robbery was operable. Trial court did not err in submitting the issue of robbery in the first degree to the jury.

III. *The instruction pertaining to use of a firearm.*

■ Trial court instructed the jurors that, should they find defendant guilty of robbery in the first degree, they must then determine whether he employed a firearm during the commission of the offense. A special interrogatory was also given to the jury on this issue. These measures were predicated upon section 902.7, The Code 1979, which provides for a mandatory minimum sentence of five years imprisonment in forcible felonies where the "use of a firearm" is involved. The jury answered the special interrogatory in the affirmative, finding that defendant had utilized a firearm when committing the robbery. As a result, trial court imposed the mandatory minimum sentence.

Defendant asserts trial court erred in giving this instruction and special interrogatory because the State had not proven beyond a reasonable doubt that the loaded revolver used in the commission of the robbery was actually capable of firing the live ammunition it held. Defendant contends this element must be established before the jury could conclude that he had utilized a "firearm."

The term "firearm," as employed in section 902.7, is nowhere defined in the criminal code. Defendant bases his contention upon *State v. Lawr*, 263 N.W.2d 747 (Iowa 1978), in which this court concluded that a starter's pistol did not fall within the term "firearm" as used in section 695.1, The Code 1977. *Id.* at 750. Rather, as contemplated by that statutory provision, a weapon had to "be able to propel a projectile . . . by explosive force" in order to be a "firearm." *Id.* Defendant contends that definition of firearm is equally applicable here, and that the State was therefore required to demon-

strate that the revolver involved possessed those qualities.

We believe *Lawr* is distinguishable from the instant case. In *Lawr*, the instrument in question was constructed so that it was incapable of firing a projectile. *Id.* at 749. The revolver with which we are confronted, however, was clearly designed to be capable of propelling a projectile by explosive force. Thus, we do not find *Lawr* controlling. *See State v. Pinckney*, 306 N.W.2d 726, 728–29 (Iowa 1981).

We also believe that adoption of the position advanced by defendant would frustrate the legislative intent underlying section 902.7. For that section to come into play, the trier of fact must in part find "that the person *represented* that he or she was in the immediate possession and control of a firearm, displayed a firearm in a threatening manner, or was armed with a firearm while participating in the forcible felony." § 902.7, The Code (emphasis added). Thus, the statutory provision is applicable even where the perpetrator of a forcible felony only *represents* that he or she possessed or controlled a firearm during the commission of the crime. To require that the State demonstrate that the "firearm" involved was capable of firing would, in light of this language of section 902.7, lead to an absurd result. Consequently, we reject defendant's argument. *See State v. Powers*, 278 N.W.2d 26, 28 (Iowa 1979).

 Defendant also contends trial court erred in failing to define the term "firearm" in its instructions to the jury. This issue was first raised in defendant's motion for new trial. Although he interposed two objections to trial court's proposed instructions, no objection was raised with respect to the absence of an instruction defining the term "firearm." Thus, no error was preserved. *State v. Rouse*, 290 N.W.2d 911, 914–15 (Iowa 1980); Iowa R.Civ.P. 196.

IV. *Sentencing.*

 Defendant's final assignment of error concerns trial court's failure to state on the record its reasons for selecting the particular sentence imposed. *See* Iowa R.Crim.P. 22(3)(d). Defendant asserts that because no reasons were provided for the sentence, this case must be remanded for resentencing. Trial court's discretion was limited with regard to sentencing, however. *See* §§ 902.7, 902.9, 907.2, The Code 1979. The sentence imposed was mandated by statute. *See id.* Because the "main purpose of the requirement in rule 22(3)(d) that a court state its reason for a particular sentence is to allow ... review [of] the sentence to determine if there has been an abuse of discretion," *State v. Matlock*, 304 N.W.2d 226, 228 (Iowa 1981), no purpose would be served by a remand for resentencing in this case. *See id.*

Having considered all of defendant's assignments of error, and finding each without merit, we affirm defendant's conviction and sentence.

AFFIRMED.