STATE of Iowa, Appellee,

v.

Lonnie Ray WRIGHT, Appellant.

No. 65460.

Supreme Court of Iowa.

Aug. 26, 1981.

Larry J. O'Connor, P.C., Waterloo, for appellant.

Thomas J. Miller, Atty. Gen., and Thomas N. Martin, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, McCORMICK, and ALLBEE, JJ.

HARRIS, Justice.

We affirm the trial court upon the defendant's appeal from his conviction of and sentence for robbery in the first degree, in violation of section 711.2, The Code 1981.

On January 26, 1980, the defendant and two others entered a small neighborhood grocery store in Waterloo. The three were armed and at gunpoint forced an employee to surrender money from the cash register. Assignments of error relate to evidentiary rulings, an instruction, a claim that the prosecutor was guilty of misconduct, and a claim that the mandatory sentencing law is unconstitutional.

I. Over objections that it was hearsay, an investigating police officer was allowed to say that Alfonse Wyatt was the son of Edward Wyatt. Alfonse Wyatt was with the defendant and was also arrested. Edward Wyatt's gun, used in the robbery, was recovered and offered at trial. Defendant argues that the testimony that the Wyatts were father and son was the only thing that connected the gun with the defendants.

Pedigree is perhaps the oldest of all exceptions to the hearsay rule. Under the traditional rule "declarations of the person whose family situation is at issue are admissible." *McCormick's Handbook on the Law of Evidence* § 322, at 745 (2d ed. E. Cleary 1972). Under the traditional view the pedigree exception extended only to declarations by a family member. *Id. See also* 29 Am.Jur.2d, *Evidence,* § 509; 31A C.J.S. *Evidence* § 229.

Iowa, however, has long subscribed to what is known as the minority rule. We do not require, for the pedigree exception to arise, that the declarant be a family member; we only require that the declarant be so closely connected with the family that it could be assumed he would know the facts. In *Nelson v. Nelson,* 249 Iowa 638, 642, 87 N.W.2d 767, 770 (1958), we said the exception extended to "others likely to know the facts who were without apparent motive to misstate them." [1] We believe the testimony here was properly received. The investigating police officer said he learned of the relationship from what he described as "contacts" with both the father and the son. It is not likely that he was mistaken or would misstate the facts.

II. The defendant also assigns error in the trial court's ruling which admitted the handgun into evidence as a State's exhibit. He believes there was insufficient evidence identifying the handgun or showing its relevance. Under the principles re-

1. Our view, expanding the scope of the pedigree exception, is strongly supported and perhaps expanded under Federal Rule of Evidence 803(19). *See also* Advisory Committee Comment under that rule.

cited in *State v. Fuhrmann*, 257 N.W.2d 619, 623 (Iowa 1977), we find no abuse of discretion in the challenged ruling. The assignment is without merit.

III. Two separate assignments are based on the defendant's assertion that the State was bound to show the gun was, or could be made, functional. One such assignment addresses the trial court's refusal to dismiss the charge because the State failed to prove the firearm was functional. The other assignment challenges the trial court's refusal to instruct the jury that a firearm must be, or readily could be made to be, functional in order to call for the increased punishment under section 902.7, The Code. The trial court instructed the jury that the weapon here could be considered dangerous if it "is a real gun capable of inflicting death or serious injury." Section 902.7 provides that, when a person " . . . was in the immediate possession and control of a firearm, displayed a firearm in a threatening manner, or was armed with a firearm while participating in a forcible felony the convicted person shall serve a minimum of five years of the sentence imposed . . . ."

■ A dangerous weapon is defined by section 702.7 as an instrument or device " . . . designed primarily for use in inflicting death or injury upon a human being or animal, and which is capable of inflicting death upon a human being when used in the manner for which it was designed. . . . Dangerous weapons include, but are not limited to, any offensive weapon, pistol, revolver, or other firearm . . . ." The weapon here was an automatic pistol. The State was not required to show it was operable. *State v. Hemminger*, 308 N.W.2d 17, 20 (Iowa 1981).

We agree with the trial court in overruling the motion and in refusing to give the offered instruction.

In *State v. Lawr*, 263 N.W.2d 747, 751 (Iowa 1978), we held as a matter of law that a starter's pistol could not be a dangerous or deadly instrument under former Code section 695.1. We determined it was not a firearm because it was not an instrument in which shot or projectiles could be discharged by force of chemical explosive. There is nothing in our holding in *Lawr* to suggest, however, that a weapon had to be tested and shown to be functional in order to be dangerous.

In *State v. Nichols*, 276 N.W.2d 416, 417 (Iowa 1979), and in *State v. Ashland*, 259 Iowa 728, 730, 145 N.W.2d 910, 911 (1966), we held that a pistol is per se a "dangerous weapon." It is not necessary to show a pistol is loaded or that it has been tested. The testimony here that the officer believed the pistol to be in working order was ample.

IV. Defendant argued to both the trial court and the jury that the State had not demonstrated or shown that the gun would work. Responding in his jury argument, the prosecutor demonstrated with the exhibit and argued to the jury that the handgun could be fired by pulling the hammer back and then squeezing the trigger. He went on to describe the operation of the exhibit, whether or not it contained a firing pin, whether the firing pin could be seen, and whether the gun was operable. Defendant argued to the trial court and urges on appeal that this was prosecutorial misconduct because the prosecutor was thereby testifying.

■ The rule is that misconduct of a prosecutor is ground for reversal only if it deprives the accused of a fair trial. The trial court is vested with wide discretion in such matters. We reverse only upon a showing that that discretion was abused. *See State v. Horsey*, 180 N.W.2d 459, 461 (Iowa 1970). Some additional leeway is given a prosecutor in oral argument when the remarks are provoked and are offered in retaliation to arguments for the accused. *State v. Brewer*, 247 N.W.2d 205, 215 (Iowa 1977).

■ There was no abuse of discretion by the trial court's refusal to grant a mistrial here.

Defendant also argues in this assignment that the prosecutor's conduct required "at least a caution to the jury." No request was made at trial for such a cautionary instruction, hence the defendant cannot argue on appeal that the court's failure to caution the jury was error. *State v. Johnson*, 272 N.W.2d 480, 484 (Iowa 1978).

V. Finally the defendant asserts that the mandatory sentencing provisions (for forcible felonies) under section 907.3 are an unconstitutional invasion of the judicial power by the legislature and further that they are unconstitutional by reason of being arbitrary, capricious and overbroad as applied to him.

Defendant does not have a constitutional right to probation. *State v. Holmes*, 276 N.W.2d 823, 830 (Iowa 1979). Neither does he have a constitutional right to parole. *State v. Cole*, 168 N.W.2d 37, 39–40 (Iowa 1966). The power to grant probation is conferred by statute; it is a power not inherent in the judiciary. *Holmes*, 276 N.W.2d at 830. The mandatory sentencing provisions of the law under which defendant was sentenced are not unconstitutional.

As all of defendant's assignments are without merit the judgment of the trial court is affirmed.

AFFIRMED.