STATE of Iowa, Appellee,

v.

Coolidge Lee DURHAM, Appellant.

No. 66888.

Supreme Court of Iowa.

Aug. 25, 1982.

# 244

Wallace D. Parrish, Waterloo, for appellant.

Thomas J. Miller, Atty. Gen., Joseph P. Weeg, Asst. Atty. Gen., and R. James Sheerer, Asst. Black Hawk County Atty., for appellee.

Considered by REYNOLDSON, C. J., and HARRIS, McCORMICK, LARSON and SCHULTZ, JJ.

McCORMICK, Justice.

The question here is whether a straight razor is a dangerous weapon per se under the definition of dangerous weapon in section 702.7, The Code. In convicting defendant in a jury-waived trial of carrying a dangerous weapon in violation of section 724.4, the trial court held that a straight razor is a dangerous weapon regardless of the intent of the person carrying it. Defendant contends the court erred in overruling his motion to dismiss based on absence of evidence that he intended to use the razor to inflict death or serious injury. Because we find that a straight razor is a dangerous weapon per se under the statutory definition, we affirm.

With exceptions inapplicable here, it is an aggravated misdemeanor for an individual to go armed "with a dangerous weapon concealed on or about his or her person." § 724.4. "Dangerous weapon" is defined in section 702.7:

A *"dangerous weapon"* is any instrument or device designed primarily for use in inflicting death or injury upon a human being or animal, and which is capable of inflicting death upon a human being when used in the manner for which it was designed. Additionally, any instrument or device of any sort whatsoever which is actually used in such a manner as to indicate that the defendant intends to inflict death or serious injury upon the other, and which, when so used, is capable of inflicting death upon a human being, is a dangerous weapon. Dangerous weapons include, but are not limited to, any offensive weapon, pistol, revolver, or other firearm, dagger, razor, stiletto, or knife having a blade of three inches or longer in length.

The present controversy concerns the effect of the last sentence of the definition. The State asserts the listed weapons are dangerous per se whereas defendant alleges they are not dangerous unless they are proved to come within either the first or second sentence of the definition.

The plain language of the last sentence supports the State's position. It purports to list dangerous weapons without qualification. We have previously held that two of the listed items are dangerous weapons by reason of that provision. *See State v. Hemminger*, 308 N.W.2d 17, 20 (Iowa 1981) (revolver); *State v. Nichols*, 276 N.W.2d 416, 417 (Iowa 1979) (pistol).

Defendant argues, however, that since a razor is not "designed primarily for use in inflicting death or injury," it does not come within the first sentence. This means, according to defendant, that a razor is not a dangerous weapon unless used with the intent required by the second sentence of the definition. Because the evidence merely showed defendant had a straight razor concealed on his person during an altercation, no actual use occurred. On this basis, defendant contends he was entitled to be acquitted.

The definition in section 702.7 is a departure from the approach taken in prior law. The predecessor concealed weapons statute, section 695.2, The Code 1977, made it an offense to go armed with specified weapons "or other offensive or dangerous weapon" concealed on the person. This court held that the listed weapons were dangerous per se but that other items were not dangerous weapons unless the person used or intended to use them for the purpose of bodily assault or defense. *See State v. Juergens*,

240 N.W.2d 647, 649–50 (Iowa 1976). Razors were not specifically listed and thus would not be deemed dangerous per se. *See State v. Hill*, 258 Iowa 932, 935–36, 140 N.W.2d 731, 733 (1966) (dictum). Razors are specifically listed in the present delineation.

The same list of specific instruments appeared in section 695.1, The Code 1977, defining a crime of going armed with intent. Under that statute it was an offense for a person with the proscribed intent to go armed with one of the listed weapons "or other dangerous or deadly instrument." This court held that the naming of the weapons followed by the categorical reference constituted a designation of the listed weapons as dangerous per se. *See State v. Ashland*, 259 Iowa 728, 730, 145 N.W.2d 910, 911–12 (1966). Thus, under section 695.1, a razor was a dangerous weapon per se.

It is apparent from the context that the term "razor" as used in the former statute and in section 702.7 is limited to the straight razor, a common shaving instrument before invention of the safety razor but now used for shaving mainly in barber shops. Straight razors have a well documented history of use as weapons. *See State v. Howard*, 125 N.J.Super. 39, 308 A.2d 366 (1973).

Of the items listed in section 702.7 as dangerous weapons, only a straight razor or knife having a three inch or longer blade would not be an instrument or device "designed primarily for use in inflicting death or serious injury upon a human being or animal." If use with intent to inflict death or serious injury were a prerequisite to showing a straight razor or knife with a three inch blade to be a dangerous weapon, no reason would exist for the blade length requirement. When actually used to hurt someone, a knife with less than a three inch blade is certainly a dangerous weapon. It is more likely that the legislature categorized knives with blades three or more inches in length as dangerous weapons per se and made the character of shorter knives dependent on a showing of their actual use as dangerous weapons. This is the only

way to give meaningful effect to the length differential. A Washington statute containing a similar listing was given such an interpretation. *See State v. Thompson*, 88 Wash.2d 546, 564 P.2d 323 (1977).

By including razors on a list with knives having three or more inch blades, as well as with other instruments that are dangerous by design, it seems inescapable that the legislature intended to categorize razors as dangerous weapons per se. This conclusion is reinforced by examining sections other than section 724.4 in which the classification is significant. *See* §§ 708.8, 709.3, 711.2, and 713.2; 4 J. Yeager and R. Carlson, *Iowa Practice: Criminal Law and Procedure* § 28 at 11 (1979). The enumerated instruments have equivalent potential for violent use in those contexts.

We hold that a straight razor is a dangerous weapon per se under the definition in section 702.7. Therefore the trial court did not err in overruling defendant's motion to dismiss.

AFFIRMED.