STATE of Iowa, Appellee,

v.

Thomas Frederick KENNEY, Appellant.

No. 68928.

Supreme Court of Iowa.

June 15, 1983.

R.L. Sole of Olinger & McManus, Cedar Rapids, for appellant.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen. and Mark Mossman, Benton County Atty., for appellee.

Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, SCHULTZ, and WOLLE, JJ.

SCHULTZ, Justice.

The sole issue in this case is whether a shotgun and a rifle are firearms under Iowa Code section 724.26. Defendant, Thomas Kenney, was convicted of unlawful receipt, transportation, and possession of firearms by a felon, a violation of section 724.26 of the Iowa Code (1981). The trial court ruled in response to defendant's motion that by definition a shotgun and a rifle are firearms. Defendant contends on appeal that the shotgun and rifle are not firearms, or in the alternative, that it is the province of the jury and not the judge to determine whether the weapons are firearms under the statute. We affirm.

The term "firearm" is not defined in the Iowa Code. *See State v. Hemminger,* 308 N.W.2d 17, 20 (Iowa 1981). This court has addressed the question previously and we determined that a firearm is "a small arms weapon from which a projectile is fired by gunpowder." *State v. Lawr,* 263 N.W.2d 747, 749 (Iowa 1978). In addition, we have determined that the weapon has to be clear-

ly designed to be capable of propelling a projectile by explosive force. *Hemminger,* 308 N.W.2d at 21.

In *State v. Pinckney,* 306 N.W.2d 726 (Iowa 1981), we held that section 724.26 applies to both serviceable and unserviceable firearms. The defendant possessed an unserviceable shotgun and did not dispute its classification as a firearm. *Pinckney,* 306 N.W.2d at 729. In *City of Davenport v. Claeys,* 254 Iowa 907, 119 N.W.2d 755 (1963), we upheld a judgment against a defendant who discharged a firearm within city limits. The defendant had discharged a .22 caliber long rifle and did not dispute its classification as a firearm. *Claeys,* 254 Iowa at 909, 119 N.W.2d at 757.

Although these questions have never been directly addressed we need to look only at the ordinary definition of "shotgun" and "rifle" to determine that these weapons are firearms.

A shotgun is "an often double-barreled smooth-bore shoulder weapon for firing shot at short ranges." *Webster's Third New International Dictionary* 2104 (1967). A rifle is "a firearm having a rifled bore and intended to be fired from the shoulder." *Webster's Third New International Dictionary* at 1954. Such weapons certainly fit the definition of firearm set forth in *Lawr* and *Hemminger.* Indeed, one commentator interprets section 724.26 to prohibit a convicted felon from even minimal contact with weapons used in hunting or skeet shooting, which would, of course, include shotguns and rifles. J. Yeager & R. Carlson, Iowa Practice § 539, at 139 (1979). We do not find defendant's contentions to be persuasive. Accordingly, we affirm.

AFFIRMED.