# IN THE COURT OF APPEALS OF IOWA

No. 18-1413
Filed June 5, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SEITH KEITH,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Scott County, Mark R. Lawson, Judge.


Seith Keith appeals his convictions for robbery in the first degree and willful injury resulting in bodily injury. **AFFIRMED.**


Mark C. Smith, State Appellate Defender, (until withdrawal), and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


Considered by Vaitheswaran, P.J., Tabor, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**GAMBLE, Senior Judge.**

Following a bench trial, the trial court found Seith Keith guilty of robbery in the first degree, in violation of Iowa Code section 711.2 (2017); and willful injury causing bodily injury, in violation of Iowa Code section 708.4(2). On appeal, Keith contends there is insufficient evidence that he specifically intended to cause serious injury to the store clerk, a requisite for conviction on each charge.

The trial court thoroughly explained its findings:

> [T]he court finds [Keith] purposely attempted to inflict a serious injury on [the clerk]. He lunged at her through the back door with the knife in his left hand, causing a laceration to her right arm. He threatened her with the knife as she kicked at him while lying on the floor. His aggressive postures suggests he was attempting to inflict a serious injury. He should not benefit by the fact that she was successful in fighting him off.
> In addition, the State has proven beyond a reasonable doubt the second alternative of element no. 3, namely that [Keith] was armed with a dangerous weapon. A "dangerous weapon" is any device or instrument designed primarily for use in inflicting death or injury, and when *used* in its designed manner is capable of inflicting death. It is also any sort of instrument or device actually used in such a way as to indicate the user intended to inflict death or serious injury, and when so used is capable of inflicting death. By law, a knife with a blade exceeding five inches in length is a dangerous weapon. Iowa Code § 702.7.
> The court finds [Keith] was armed with a knife. Although [Keith] denied that he was armed with a knife in his testimony, he admitted he was so armed in his interview with Detective Roloff. This is confirmed by the in-store surveillance footage. The knife is clearly visible in [Keith]'s left hand as he enters the store and in his right hand while [the clerk] is on the floor. The blade is also clearly visible when he approaches the cash drawer.
> . . .
> The State has proven . . . that [Keith] used this particular folding knife in such a way as to indicate he intended to inflict death or serious injury, and when so used is capable of inflicting death. In reviewing the behind-the-counter surveillance video frame-by-frame and in real time, [Keith] entered the store immediately behind the clerk with the knife in his left hand. She manages to fend the knife off with her right hand and arm. He pushes her to the floor. He then transfers the knife to his right hand and holds it in an offensive

position. She again fends him off; this time with her feet. He then grabs her leg and pulls her out of view.

The defendant did not simply display the knife; he lunged at her through the door and was in close enough proximity to injure her with the knife. After pushing her to the floor, he continued to display the knife in a threatening manner. If he used it as he demonstrated, by stabbing or slashing, it is capable of inflicting death. [The clerk] was able to fend [Keith] off with her feet. [The clerk] testified that she was afraid she might be killed. This was a reasonable belief arising from [Keith]'s threatening actions with the knife. He indicated to [the clerk] by his actions that he intended to inflict death or serious injury. Therefore, the State has proven beyond a reasonable doubt that [Keith] was armed with a dangerous weapon.

The trial court's findings of guilt are binding on us if they are supported by substantial evidence. *See State v. Hearn*, 797 N.W.2d 577, 579 (Iowa 2010). Evidence is substantial if it would convince a rational factfinder that the defendant is guilty beyond a reasonable doubt. *See id.* at 579–80. In determining whether substantial evidence supports a conviction, we view the evidence in the light most favorable to upholding the trial court's decision. *See id.*

Surveillance video clearly shows Keith was armed with a knife that was capable of inflicting death or serious injury, and there is substantial evidence to support the trial court's finding that Keith used the knife in a violent, stabbing, and slashing manner, demonstrating his specific intent to inflict serious injury or death. *See* Iowa Code § 702.7; *State v. Durham*, 323 N.W.2d 243, 245 (Iowa 1982); *State v. Berry*, 549 N.W.2d 316, 318 (Iowa Ct. App. 1996) (noting the manner in which a defendant uses a knife may indicate the defendant intends to cause death or serious injury). Substantial evidence supports the conclusion that Keith purposely attempted to seriously injure the store clerk or, in the alternative, he was armed with a dangerous weapon in the commission of the robbery as required by Iowa

Code section 711.2. In addition, substantial evidence supports Keith's conviction of willful injury causing bodily injury, in violation of section 708.4(2).

We are not persuaded by Keith's argument that he was certainly capable of causing serious injury and did not and, therefore, we should find he did not intend to cause serious injury. Keith lunged at the clerk and cut her forearm with the knife. While this was not a serious injury, proof of serious injury is not essential.[1] The evidence is sufficient to convince a rational factfinder beyond a reasonable doubt that Keith used the knife in a manner that indicated his intent to inflict a serious injury and that he purposely attempted to do so. Because there is substantial evidence to support the convictions, we affirm.

**AFFIRMED.**

---

[1] To find Keith guilty if willful injury resulting in bodily injury, the State was required to prove the following elements:
    (1) On or about the 6th day of November, 2017, [Keith] assaulted [the clerk].
    (2) [Keith] specifically intended to cause a serious injury to [the clerk].
    (3) [Keith]'s acts caused a bodily injury to [the clerk].