**STATE of Iowa, Appellee,**

v.

**Phillip Rae DAVISON, Appellant.**

**No. 58948.**

Supreme Court of Iowa.

Sept. 22, 1976.

Rehearing Denied Nov. 8, 1976.

Norman, Younggren & Webber, Keokuk, for appellant.

Richard C. Turner, Atty. Gen., Dorothy L. Kelley, Asst. Atty. Gen., Des Moines, Barry M. Anderson, County Atty., and M. Carl McMurray, Asst. County Atty., Keokuk, for appellee.

Heard by MOORE, C. J., and LeGRAND, REES, UHLENHOPP and REYNOLDSON, JJ.

REES, Justice.

Defendant was charged by county attorney's information with the crime of unlawful delivery of a Schedule I controlled substance in violation of § 204.401(2)(b), The

Code, 1975. Following his plea of not guilty, he was tried, convicted and sentenced, and now appeals. We affirm.

There appears to be no factual dispute in this case. Defendant states for review the following issues:

1. Section 749A.2, The Code, is unconstitutional in that it denies to defendant the right to be confronted by his accusers by placing an imprimatur of validity upon the ex parte report of a State's witness, making the report a witness, and shifting to the defendant the burden to produce the person of the witness for cross-examination.

2. Trial court erred in improperly admitting over proper and timely objection, a prejudicial photograph of the defendant taken proximate to the time of his arrest.

3. Trial court erred in failing to direct a verdict for defendant upon defendant's motion where it was asserted the State had failed to prove the controlled substance involved was counterfeit, as alleged in the county attorney's information.

I. Defendant contends the trial court erred by admitting into evidence over defendant's objections a report of the Criminalistics Laboratory pursuant to § 749A.2, The Code, 1975.

■ Defendant contends § 749A.2 unconstitutionally denied defendant the right to be confronted by witnesses against him and that the statute, § 749A.2, which provides that an accused may request the personal presence of the laboratory employee who prepared the report to testify, by defendant giving notice requiring the presence of the employee, impermissibly shifts the burden of proof to the defendant. We are asked by defendant to reexamine our holding of constitutionality in *State v. Kramer,* 231 N.W.2d 874 (Iowa 1975). In *Kramer* we observed in connection with an identical contention that defendant was confronted at the outset with a strong presumption of constitutionality of regularly enacted statutes. *State v. Kueny,* 215 N.W.2d 215, 216 (Iowa 1974).

Further, in *Kramer, supra,* at page 880 of 231 N.W.2d, we said:

"If the main and essential purpose of confrontation is to secure for the accused the *opportunity of cross-examination,* (citations), there is no constitutional infirmity in § 749A.2. Here defendant chose not to exercise his right to cross-examine." Defendant's complaint that he was denied the right of confrontation seems to be answered fully by the above quotation from *Kramer, supra.*

■ Defendant further contends *Kramer* should be reconsidered in the light of recent cases finding due process violations where the burden of proof is placed on defendant with regard to facts essential to establish the crime. See *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *State v. Monroe,* 236 N.W.2d 24 (Iowa 1975). Defendant asserts the burden of producing the laboratory technician is unconstitutionally shifted to the defendant. Section 749A.2, The Code, expressly provides a presumption of admissibility, and presumptions are permissible under *Mullaney, supra,* so long as due process requirements are met. See *Mullaney, supra,* 421 U.S. 701, 95 S.Ct. 1891–1892, 44 L.Ed.2d 521.

■ Defendant does not contend or has at no time asserted he would have cross-examined the laboratory technician if the technician had been produced by the State. He waived the opportunity to examine the technician by failing to notify the county attorney as the statute required. Defendant alleges no prejudice which occurred to him by the absence of the technician, and we find no violation of defendant's due process rights under § 749A.2, The Code.

II. Defendant next contends the trial court improperly admitted a prejudicial photograph of defendant over a proper and timely objection. He contends that his identity as the man with whom the State's witnesses had been in contact was never in dispute.

The photograph, taken at the time of defendant's arrest, showed a young man against a background of police height calibrations with shoulder length hair, a torn

tee-shirt, a beard and a loose jacket. While there is nothing in the record to indicate how defendant's appearance at the trial might have contrasted with his appearance at the time the photograph was taken, we are not persuaded the trial court erred in overruling defendant's objections to the admission of the photograph into evidence.

A ruling of a trial court on the admissibility of a photograph will not be overturned unless a clear abuse of discretion is found. *State v. Thomas,* 222 N.W.2d 488, 493 (Iowa 1974); *State v. Lunsford,* 204 N.W.2d 613, 617 (Iowa 1973). Defendant asserts his identity was not in issue in this case, but the record does not indicate any stipulation or agreement on the part of the defendant that he was the person who made the delivery of the controlled substance to avoid the necessity of identification evidence.

The photograph was introduced by the State in connection with the identification of the person who delivered the controlled substance to the undercover agent. The trial court was clothed with considerable discretion in admitting the photograph and we find nothing in the record to indicate an abuse of the same. See *State v. Ostrand,* 219 N.W.2d 509, 513 (Iowa 1974).

III. Defendant next asserts trial court erred in failing to direct a verdict for defendant upon motion made at the close of the State's evidence and renewed after both the State and defendant had rested, in which he said the State had failed to prove the controlled substance involved in the offense charged was counterfeit as alleged in the county attorney's information.

The record does in fact reflect an inconsistency in the information filed by the county attorney. Defendant was charged with the unlawful delivery of a controlled substance, to-wit: LSD, and as originally filed the information charged a violation of § 204.401, The Code, 1975. On the morning of the commencement of the trial, the record establishes that the information was amended by the county attorney, in the presence of the court and of defendant's counsel, writing on the original information following the cited section the additional symbols, "(2)(b)" so that the defendant then stood charged with the violation of § 204.-401(2)(b), The Code, 1975. Sub-section (2)(b) relates to controlled substances which are counterfeit, and it is defendant's claim in this appeal the State was required to show that LSD is a counterfeit substance.

The purpose of a county attorney's information (or indictment) is to afford the person charged with an opportunity to prepare a defense. Sufficient notice of the charge pending must be given. Defendant in this case came to court prepared to defend against the charge that he had unlawfully delivered a Schedule I controlled substance, to-wit: LSD, to one Robert Johstono on March 11, 1975, in Jackson Township, Lee County, Iowa. He does not allege any prejudice to him by virtue of the amendment of the information in the manner in which the amendment was effected. Nor does he allege any inadequacy of notice of the amendment of the information.

Where adequate notice is given a defendant by a valid information, as in this case, the conviction for a crime charged will stand even though a variance is found in a reference to a statute. *State v. Davis,* 41 Iowa 311 (1875). The citation of the proscriptive statute by section or chapter in an indictment or information is not necessary under the provisions of § 773.4, The Code, 1975, and the citation of the section of a statute might even be considered surplusage under § 773.31, The Code.

Obviously, the jury found the defendant guilty of the unlawful delivery of a controlled substance, LSD. He was sentenced for a violation of § 204.401, The Code, and we must conclude the sentence was imposed following defendant's conviction of the crime charged in the information.

We find no merit in any of defendant's issues stated for review, and affirm the trial court.

AFFIRMED.