STATE of Iowa, Plaintiff-Appellee,

v.

Derek Eugene JOHNSON, Defendant-Appellant.

No. 83–508.

Court of Appeals of Iowa.

Sept. 6, 1984.

Paul T. Shinkle of Gottschalk, Shinkle & Long, Cedar Falls, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Roxann M. Ryan, Asst. Atty. Gen., for plaintiff-appellee.

Heard by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

DONIELSON, Judge.

Defendant appeals the judgment and sentence imposed for his conviction of first-degree robbery in violation of Iowa Code sections 711.1 and 711.2 and the finding that he possessed a firearm during the commission of the crime in violation of Iowa Code section 902.7 (mandatory five-year minimum sentence for use of a firearm). On appeal, defendant asserts that: (1) the information charging him with first-degree robbery failed to give adequate notice of the State's intent to rely on the enhanced punishment provisions of section 902.7; (2) an unloaded pistol is not a "firearm" within the meaning of section 902.7; and (3) the trial court abused its discretion by refusing to sever defendant's trial from that of a codefendant who testified against him, which allegedly resulted in admission of improper testimony regarding defendant's right to remain silent and not to testify. We affirm.

Defendant Johnson, Quentin Miles, and Steve Gibson were jointly charged with first-degree robbery "while armed with a dangerous weapon, to-wit: a gun ..." and/or attempting to "purposely inflict severe injury" while perpetrating the robbery. The trial information did not mention the term "firearm" or Iowa Code section 902.7, however, the term "gun" was used.

Quentin Miles' case was severed prior to trial. Defendant and Steve Gibson were jointly tried and found guilty of first-de-

gree robbery and possessing a firearm during commission of the crime. On March 11, 1983, defendant was sentenced to an indeterminate twenty-five year term of imprisonment. On March 16, 1983, a nunc pro tunc order was filed requiring a five-year minimum sentence for use of a firearm.

At trial, defendant did not testify on his own behalf. However, during the course of the trial, he discovered that Steve Gibson planned to testify that Johnson instigated the robbery and forced Gibson to participate. The defendant's subsequent motion to sever and request for a limiting instruction were denied by the trial court. Additionally, defendant's motion for judgment of acquittal on the firearm issue was overruled. Johnson has appealed.

The defendant raises two claims with respect to the firearm issue. He contends: (1) the information failed to give him sufficient notice of the State's intent to rely on section 902.7, and (2) the unloaded pistol did not constitute a firearm within the meaning of the statute.

■ Section 902.7 of the Iowa Code sets forth the minimum sentence for use of a firearm. If a person is found guilty of a forcible felony and "use of a firearm" as set forth in that section, the convicted person must serve a minimum five-year sentence. Iowa Code § 902.7 (1983). When a minimum sentence is prescribed, "the legislature ordinarily requires a judicial determination of its applicability." *State v. Wilson,* 314 N.W.2d 408, 409 (Iowa 1982). The judicial determination for this statutory provision is provided in Iowa R.Crim.P. 6(6) which requires pleading and proof of use of a firearm to invoke the minimum sentence of section 902.7. Additionally, the supreme court has recognized that "the potential application of section 902.7 adds an additional factual issue to the trial of which the defendant should be given notice and the opportunity to present evidence." *State v. Matlock,* 289 N.W.2d 625, 629 (Iowa 1980). Indeed, in order to comport with due process requirements, the information or indictment must afford the person charged with an opportunity to prepare a defense and provide sufficient notice of the pending charge. *State v. Davison,* 245 N.W.2d 321, 324 (Iowa 1976), *cert. denied,* 430 U.S. 955, 97 S.Ct. 1600, 51 L.Ed.2d 805 (1977).

■ Applying these standards we cannot agree with defendant's claim that inadequate notice was given in this case. Although the term "firearm" was not used in the information, mention was made of a "gun." We believe that use of the term "gun" was sufficient to apprise the defendant of the factual issue and enable him to put on a defense. Pursuant to Iowa Code section 4.1, words and phrases are ordinarily "construed according to the context and the approved usage of the language." As commonly used, the terms "firearm" and "gun" have very similar meanings. In *Webster's New World Dictionary,* firearm is defined as "any weapon from which a shot is fired by the force of an explosion; [especially], such a weapon small enough to be carried, as a rifle or pistol." *Webster's New World Dictionary* 525 (2d ed. 1976). Gun is defined as "a weapon consisting of a metal tube from which a projectile is discharged by the force of an explosive ... popularly, a pistol or revolver." *Id.* at 623. In light of these definitions, we cannot say that failure to use the term "firearm" deprived the defendant of sufficient notice. Because of this, we affirm the trial court's decision in this respect.

The defendant also contends that an unloaded pistol is not a firearm within the meaning of section 902.7. The term "firearm," as employed in that section, is nowhere defined in the criminal code. However, case law is instructive on this point. In *State v. Lawr,* the supreme court held that a starter pistol is not a firearm within the meaning of Iowa Code section 695.1. 263 N.W.2d 747, 750 (Iowa 1978). In arriving at this conclusion, the court adopted the view that a firearm must meet two requirements: (1) it must be capable of propelling a projectile, and (2) it must do so by explosive force. *Id.*

Defendant would have this court believe that an unloaded pistol is incapable of pro-

pelling a projectile by explosive force. On the other hand, the plaintiff maintains that all *Lawr* requires is that the instrument in its intended or readily-adaptable use is likely to produce death or serious bodily injury. We need not address this issue, however, since the *Lawr* criteria is not controlling.

■ In *State v. Hemminger*, the supreme court specifically rejected the argument that the State must prove the *Lawr* criteria to demonstrate use of a firearm within the meaning of section 902.7. 308 N.W.2d 17, 21 (Iowa 1981). In fact, the court recognized that adoption of such a position would only serve to frustrate the legislative intent underlying that section. *Id.* Pursuant to that section, a minimum sentence is imposed when the trier of fact finds *inter alia* "that the person represented that he or she was in the immediate possession and control of a firearm, displayed a firearm in a threatening manner, or was armed with a firearm while participating in the forcible felony." Iowa Code § 902.7 (1983). As the *Hemminger* court noted,

> ... the statutory provision is applicable even where the perpetrator of a forcible felony represents that he or she possessed or controlled a firearm during the commission of the crime. To require that the State demonstrate that the "firearm" involved was capable of firing would, in light of the language of section 902.7, lead to an absurd result.

308 N.W.2d at 21. In light of this reasoning, we find the defendant's argument to be without merit.

■ The defendant's final claim on appeal is that the trial court erred in refusing to sever the defendant's trial from that of a codefendant who testified against him. Iowa R.Crim.P. 6(4) provides for joint trials:

> a. **Multiple defendants.** Two or more defendants may be charged in the same indictment, information, or complaint if they are alleged to have participated in the same act or the same transaction or occurrence out of which the offense or offenses arose. Such defend-

ants may be charged in one or more counts together or separately, and all defendants need not be charged in each count.

> b. **Prosecution and judgment.** When an indictment or information jointly charges two or more defendants, those defendants may be tried jointly if in the discretion of the court a joint trial will not result in prejudice to one or more of the parties. Otherwise, defendants shall be tried separately. When jointly tried, defendants shall be adjudged separately on each count.

This rule was first addressed in *State v. Belieu*, which delineates several principles, some of which are applicable here. 288 N.W.2d 895 (Iowa 1980). A denial of a severance motion will be reversed only upon a showing of abuse of discretion amounting to a denial of a fair trial. *Id.* at 900. Moreover, mere hostility or a codefendant's attempt to incriminate the defendant, even if successful, does not demonstrate the requisite prejudice. *Id.*

■ The defendant argues that an abuse of discretion exists because of the alleged antagonistic positions of both defendants. Johnson's precise theory of the case is not clear from the record before this court. It is clear, however, that at least in part he relied on the defense of intoxication. During the trial, a defense witness testified that Johnson was drunk prior to the robbery and had subsequently told him he was innocent. Additionally, there was a jury instruction on intoxication. His codefendant was to testify that Johnson instigated the robbery and forced him to participate. While these positions could certainly be characterized as antagonistic, this is not a sufficient ground to require separate trials. *State v. Snodgrass*, 346 N.W.2d 472, 475 (Iowa 1984) (citations omitted); *State v. Belieu*, 288 N.W.2d 895, 900 (Iowa 1980). In *Snodgrass*, the supreme court recognized:

> To cause the type of prejudice that prevents codefendants from obtaining a fair trial, the defenses must be more than merely antagonistic, they must conflict

to the point of being irreconcilable and mutually exclusive.

346 N.W.2d at 475 (citations omitted). Such is not the case here. The mere fact that codefendant Gibson tried to save himself at the expense of Johnson simply does not reach a sufficient level of prejudice to require separate trials. *See United States v. Boyd*, 610 F.2d 521, 526 (8th Cir.1979), *cert. denied*, 444 U.S. 1089, 100 S.Ct. 1052, 62 L.Ed.2d 777 (1980). We, therefore, reject defendant's argument in this respect.

■ The defendant also claims his trial should have been severed since his fifth amendment rights were violated. Two arguments are raised in this respect. First, Johnson claims his right to remain silent and right to not testify at trial were violated through evidence of inculpatory statements allegedly made by the defendant. During the course of the trial, codefendant Gibson testified that Johnson had offered him a $4,000 bribe if he would change his testimony and that one Cleveland Brown had overheard the bribery offer. Defendant was allowed to cross-examine Gibson. On rebuttal, Cleveland Brown testified that he had not heard any bribery offer. Defendant's contention that this testimony violated his constitutional rights is without merit. No claim has been made that the inculpatory statements were the product of any sort of coercion. In fact, nothing in the record indicates that the alleged conversation between Gibson and Johnson was anything but voluntary. Essentially, there is no basis to assert that the fifth amendment privilege against compulsory self-incrimination was violated in this case. *See Hoffa v. United States*, 385 U.S. 293, 304, 87 S.Ct. 408, 414, 17 L.Ed.2d 374 (1966).

The defendant's final claim is that counsel for the State commented on his silence during trial, thereby violating his right not to testify. This claim, however, is entirely unsupported by the record. Thus, it merits no discussion.

Since defendant's allegations of error are unfounded, we affirm his conviction for robbery in the first degree.

AFFIRMED.