## IN THE COURT OF APPEALS OF IOWA

No. 16-1638
Filed September 27, 2017

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**ANTAVIEON JACKSON,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Joel Dalrymple (plea) and John J. Bauercamper (sentencing), Judges.

Antavieon Jackson appeals his conviction and sentence following an *Alford* plea to second-degree theft. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

Antavieon Jackson appeals his conviction and sentence following an *Alford*[1] plea to second-degree theft. Jackson claims his trial counsel was ineffective in allowing him to submit a plea for which there is no factual basis and the sentencing court abused its discretion in imposing a prison sentence.

## I. Background Facts and Proceedings

In October 2015, Jackson and Erika Loftus were seen on camera at a bank making six empty-envelope ATM deposits and immediately withdrawing funds. The deposits and withdrawals involved Loftus's account, and resulted in a negative account balance. Jackson and Loftus were charged with second-degree theft, by deception. A trial resulted in a hung jury for Jackson, and Loftus was found guilty.

Prior to Jackson's second trial, he entered an *Alford* plea as charged. The court relied on the minutes of testimony to establish a factual basis for the plea with no objection from Jackson. The court sentenced Jackson to a prison term not to exceed five years. The sentencing court considered Jackson's criminal record, numerous convictions in the three years he was not in prison, failure to cooperate with preparation of the presentence investigation report (PSI),[2] struggle with substance abstinence, and completion of only four of fourteen attempted treatment programs.

He appeals.

---

[1] *See generally North Carolina v. Alford*, 400 U.S. 25 (1970).
[2] *See* Iowa Code § 901.3 (2015). Jackson refused to answer questions about his family when completing his PSI.

## II. Standard of Review

Claims of ineffective assistance of counsel are reviewed de novo. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). Ineffective-assistance claims may be reviewed on direct appeal if the record is adequate. *Id.* Challenges to sentences within statutory limits are reviewed for abuse of discretion. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996).

## III. Ineffective-Assistance-of-Counsel Claim

A. Factual Basis for the Plea

Jackson was charged by trial information with "theft 2nd degree" alleging he and Loftus obtained "possession or control of property, . . . or transfer of ownership of property of another by deception . . . in violation of [Iowa Code] § 714.1 and § 714.2(2)." He pled guilty as charged, but now Jackson claims there is no factual basis for his guilty plea. Jackson's argument relies on his belief the deposit envelopes were not empty. Guilty pleas, including *Alford* pleas, will not be accepted without a factual basis. *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). To determine whether a factual basis exists we may consider the record in its entirety. *Id.*; *see also State v. Finney*, 834 N.W.2d 46, 63 (Iowa 2013).

Upon Jackson's decision to submit an *Alford* plea, the district court relied on the trial information and minutes of testimony to determine whether a factual basis for the plea exists. The minutes of testimony listed witnesses who would testify to Jackson's identity on surveillance videos and bank records showing empty-envelope deposits, withdrawals, and overdrafting. His co-defendant, Loftus, did not testify in the first trial, but was expected to testify in the second

trial to the empty-envelope deposits, withdrawals, and her relationship with Jackson. Furthermore, Jackson testified at his first trial that he deposited five of the six empty envelopes. At the plea hearing, he responded to the district court that he understood the elements of the charged crime and stipulated that a jury hearing the evidence presented in the minutes of testimony could find him guilty beyond a reasonable doubt.

Jackson is correct that under the facts alleged in this case, intent to deceive must be shown. However, circumstantial evidence may support a finding of intent in theft by deception. *State v. Rivers*, 588 N.W.2d 408, 410 (Iowa 1998). Considering Jackson's testimonial admission at his first trial and the facts presented in the minutes of testimony, there is a factual basis for concluding he had the intent to deceive when he withdrew money from the ATM. Accordingly, a factual basis for Jackson's *Alford* plea exists.

In his supplemental brief,[3] Jackson relies on *State v. Nall*, 894 N.W.2d 514 (Iowa 2017), arguing there was no deprivation of property without the consent of another person. In *Nall*, the defendant was charged with theft by taking following use and deposit of counterfeit checks and money orders. 894 N.W.2d at 516–17; *see* Iowa Code § 714.1(1) (2013). Nall's convictions for theft by taking were reversed because the transactions were approved before the bank discovered her deposits were fraudulent, meaning the funds taken by Nall were not without consent. *Nall*, 894 N.W.2d at 525. Jackson argues the *Nall* court's ruling following fraudulent deposits should be applied here.

---

[3] After Jackson filed a notice of additional authorities, we invited supplemental briefing.

Jackson's trial information charges him with theft in the second degree, in violation of Iowa Code sections 714.1 and 714.2(2), but specifies the theft was "by deception," a clear invocation of section 714.1(3). *See* Iowa Code §§ 714.1,[4] .1(3),[5] .2(2)[6] (2015). A trial information need only provide enough information for a defendant to have sufficient notice of the charge and prepare a defense. *State v. Johnson*, 356 N.W.2d 576, 578 (Iowa Ct. App. 1984). Specific reference to a particular code section is unnecessary.[7] *See State v. Davidson*, 245 N.W.2d 321, 324 (Iowa 1976).

In addition to theft-by-deception language in the trial information, during the plea colloquy, the district court read the charge aloud to Jackson using the phrases "by deception," "knowingly deceived," and "in the deception." Although the trial information does not recite section 714.1(3), the district court clearly identified "by deception" as the method by which Jackson committed the theft, and Jackson indicated he understood the charge when asked. The trial information and court colloquy put Jackson on notice that his charge was, in fact, theft by deception under Iowa Code section 714.1(3).

Jackson's *Nall* argument is based on a theft-by-taking charge. *See* Iowa Code § 714.1(1); *Nall*, 894 N.W.2d at 525. Jackson, however, was charged with theft by deception, rendering the comparison inapplicable. *See* Iowa Code § 714.1(3); *Nall*, 894 N.W.2d at 525.

---

[4] Section 714.1 identifies in numbered paragraphs the various ways in which theft can be committed.

[5] Section 714.1(3) provides a person commits theft when the person "obtains . . . property of another, by deception."

[6] Section 714.2(2) defines the classification of second degree theft.

[7] The better practice is to identify the specific section under which a defendant is charged and to reference that section during the plea, sentence proceedings, and judgment entry.

B.  Ineffective Assistance on Plea Entry

Jackson claims his counsel was ineffective for allowing him to submit a guilty plea to a charge for which there is no factual basis.  To succeed on an ineffective-assistance-of-counsel claim a plaintiff must prove by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Failure to prove one element relieves a court from review of the other.  *Id.* at 697.

Allowing a defendant to submit a plea of guilty for which there is no factual basis is a breach of an essential duty.  *Schminkey*, 597 N.W.2d at 788.  However, we have determined a factual basis exists for Jackson's *Alford* plea to theft by deception.  Because counsel has no duty to raise a meritless claim, we find counsel's failure to object to the plea was not in error.  *State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010).  Because counsel performed proficiently, the ineffective-assistance claim fails.

## IV. Abuse of Discretion Claim

Jackson claims the sentencing court abused its discretion in imposing a prison sentence not to exceed five years.  An abuse of discretion will be found for action taken on grounds clearly untenable or to an unreasonable extent.  *State v. Rodriguez*, 636 N.W.2d 234, 239 (Iowa 2001).  Actions are untenable where they are not supported by substantial evidence or based on correct application of law.  *Id.*  A sentencing court may consider all relevant factors, including "the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances at reform."  *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994).

Jackson requested probation but the sentencing court rejected his request. The court stated it considered the nature of the offense and Jackson's criminal record, which included theft and felony convictions. Reasons need not be given for a court's rejection of a sentencing suggestion. *State v. Loyd*, 530 N.W.2d 708, 714 (Iowa 1995). The court stated the factors it considered for Jackson's sentence, which are supported by the record described above. We conclude the court did not abuse its discretion in sentencing. We affirm Jackson's conviction and sentence.

**AFFIRMED.**