# IN THE COURT OF APPEALS OF IOWA

No. 19-1364
Filed February 3, 2021

**TIMOTHY DALE BROWNLEE,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Lee (North) County, Mark Kruse,

Judge.

Applicant appeals the denial of his postconviction-relief application.

**AFFIRMED.**

Fred Stiefel, Victor, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee State.

Considered by Doyle, P.J., Ahlers, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

**BLANE, Senior Judge.**

Applicant Timothy Dale Brownlee appeals from the district court denial of his application for postconviction relief (PCR).  However, in this appeal, Brownlee does not contest the PCR ruling by the district court.  Instead, he raises two brand new issues never before addressed by the district court in either the criminal case or the PCR case.  He frames the two new grounds for appeal within the ineffective-assistance-of-counsel rubric and our de novo review of such claims.  We determine we are able to decide these new ineffective-assistance-of-counsel claims on appeal, find them to be without merit, and affirm the district court ruling on his PCR application.

### I.      Procedural and Factual Background.

On June 13, 2016, the State filed a trial information against Brownlee, charging him with two counts of assault with intent to commit serious injury, in violation of sections 708.1 and 708.2(1) (2016); arson in the first degree, in violation of sections 712.1(1) and 712.2; and possession of explosive or incendiary device with intent to use to commit a public offense, in violation of section 712.6(1). The trial information did not contain a list of witnesses but had attached the minutes of evidence containing the names of witnesses and a summary of their expected testimony as well as the police investigation reports.  A jury convicted Brownlee of one count of each offense.  The court sentenced Brownlee to a term of incarceration not to exceed twenty-seven years.  Our court affirmed on direct appeal.  *See State v. Brownlee*, No. 17-0116, 2018 WL 1099260, at *6 (Iowa Ct. App., Feb. 21, 2018).

On October 10, 2018, Brownlee filed a self-represented PCR application.[1] He asserted four claims: (1) that the State failed to produce exculpatory *Brady*[2] material consisting of a surveillance video; and that trial counsel was ineffective for failing to (2) discover the video; (3) raise the State's *Brady* violation; and (4) request a change of venue. The PCR court rejected all four claims. Brownlee appealed.

On appeal, Brownlee raises two new issues:[3] (1) "A trial information that does not contain names of witnesses is defective and should be dismissed." And (2) "The same judge presided at Brownlee's criminal trial and Brownlee's postconviction relief trial. This is a conflict of interest for the court. Brownlee's criminal trial attorney and criminal appeal attorney should have raised this issue."

---

[1] After the PCR application was filed, the court appointed Brownlee counsel, who filed an amended application for PCR. This amended application restated the four issues raised by Brownlee, but with specific references to federal constitutional provisions.

[2] Under the *Brady* rule, failure of the prosecution to disclose evidence that may be favorable to the accused is a violation of the Due Process Clause of the Fourteenth Amendment. *See Brady v. Maryland*, 373 U.S. 83 (1963); *Harrington v. State*, 659 N.W.2d 509, 516 (Iowa 2003).

[3] Brownlee frames these issues as being preserved as a result of ineffective assistance of trial and PCR counsel. *See State v. Brothern*, 832 N.W.2d 187, 191 (Iowa 2013) ("Ineffective assistance of counsel is an exception to the traditional error preservation rules."). If the record is adequate on appeal, we may address a new claim of ineffectiveness of *PCR* counsel. *See Goode v. State*, 920 N.W.2d 520, 526 (Iowa 2018). We believe the record is adequate here to review the two claims. *See Tate v. State*, No. 19-1607, 2020 WL 5650500, at *1 n.1 (Iowa Ct. App. Sept. 23, 2020) ("In *Goode* . . . 'the parties acknowledge[d] the record on appeal [was] inadequate to address the new claim of ineffective assistance of postconviction counsel.' The supreme court declined to remand the claims as requested . . . but instead stated 'the claims must be filed as a separate application in district court.' Here, the record is adequate to address the issue." (citations omitted) (alterations in original)). So we apply that framework to address the issues.

## II. Discussion.

### A. Standard of review.

Our review of the claims is de novo. *Goode*, 920 N.W.2d at 524. "When we evaluate ineffective-assistance-of-counsel claims, we apply a two-pronged test. We ask if trial counsel breached an essential duty. We also ask whether prejudice resulted from said breach. The defendant has the burden of proving both elements by a preponderance of the evidence." *Nguyen v. State*, 878 N.W.2d 744, 752 (Iowa 2016) (citations omitted). If the proof is wanting on either element, the claim fails. *See State v. Thorndike*, 860 N.W.2d 316, 320 (Iowa 2015).

### B. Whether criminal trial counsel was ineffective for failing to move to dismiss the trial information due to lack of witness names.

Brownlee claims his trial counsel was ineffective for failing to file a motion to dismiss the trial information because it did not contain the names of witnesses. Iowa Rule of Criminal Procedure 2.4(7) provides:

> *Contents of indictment.* An indictment is a plain, concise, and definite statement of the offense charged. The indictment shall be signed by the foreman or forewoman of the grand jury. *The names of all witnesses on whose evidence the indictment is found must be endorsed thereon.* The indictment shall substantially comply with the form that accompanies these rules.

(Emphasis added.)

Rule 2.5(5) controls trial informations and provides:

> *Indictment rules applicable.* The information shall be drawn and construed, in matters of substance, as indictments are required to be drawn and construed. The term "indictment" embraces the trial information, and all provisions of law applying to prosecutions on indictments apply also to informations, except where otherwise provided for by statute or in these rules, or when the context requires otherwise.

The record discloses that the names of witnesses were not on the trial information as required by the rule. Brownlee acknowledges that he was provided the minutes of evidence, which did contain the names of the witnesses. He does not argue that witnesses who testified at his trial were not disclosed in the minutes. Rather, Brownlee argues, "The American system of justice requires that criminal prosecutions take place in public and not behind closed doors." He bases his argument on Iowa Rule of Criminal Procedure 2.4(6)(b), which restricts minutes of evidence from public disclosure providing: "Such minutes of evidence shall not be open for inspection of any person, except the judge of the court, the prosecuting attorney, or the defendant and the defendant's counsel." He contends that since the trial information, which is public, did not contain the witness names, while the minutes of evidence that did contain the names, is not public, the public did not have the information it was entitled to and therefore he was denied his right to a public trial.

The State first contends that Brownlee waived this issue arguing he cites no legal authority to support it. *See* Iowa R. App. P. 6.903(2)(g)(3) ("The argument section . . . shall include . . . [a]n argument containing the appellant's contentions and the reasons for them with citations to the authorities relied on and references to the pertinent parts of the record in accordance with rule 6.904(4). Failure to cite authority in support of an issue may be deemed waiver of that issue."). Although Brownlee does not cite to any specific case law supporting his position that failure to list witness names on the trial information violates his right to a public trial, his citation to several court rules minimally complies. We decline the State's request to dismiss this issue for not complying with the rule.

The supreme court has said, "[T]he concept of public trial includes the entire trial from the impaneling of the jury to the rendering of its verdict." *State v. Lawrence*, 167 N.W.2d 912, 915 (Iowa 1969). In other words "trial" for these purposes means "the proceedings for impanelment of the jury, the opening statements of counsel, the presentation of evidence, the arguments, the instructions to the jury, and the return of the verdict." *Id.* (citation omitted). But Brownlee argues that because the public did not have access to the list of witnesses, he was somehow denied his right to a public trial. We find Brownlee's argument illogical. The facts do not support it. The record shows Brownlee was not subjected to some Star Chamber proceeding behind locked doors. He had a three-day jury trial with the witnesses identified in the minutes of evidence testifying in open court. There is no indication the public was barred from attending any stage of the trial or seeing the witnesses testify in open court. Therefore, counsel did not fail in an essential duty by not moving to dismiss. *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010) ("Counsel has no duty to raise an issue that has no merit.").

Brownlee also contends that a trial information that does not contain names of witnesses is defective and should be dismissed, relying on Iowa Rule of Criminal Procedure 2.4(7), that "[t]he names of all witnesses on whose evidence the indictment is found must be endorsed thereon." He ignores the last paragraph of that rule, which states: "No [information] is invalid or insufficient nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in a matter of form which does not prejudice a substantial right of the defendant." Iowa R. Crim. P. 2.4(7)(d).

For a motion to dismiss to succeed due to a lack of witness names on the trial information, Brownlee had to show that his substantial right as a defendant was prejudiced. *See State v. Davison*, 245 N.W.2d 321, 324 (Iowa 1978) (finding variance in trial information not fatal where trial information gave defendant adequate notice). Brownlee fails to identify how the lack of names of witnesses on the trial information prejudiced his substantial rights. *See id.* He had the minutes of evidence and the names of witnesses. Those witnesses testified in open court at his trial and were subjected to cross-examination by his attorney. Absent prejudice to his defense, even if counsel had filed a motion to dismiss, under the rule he would not have been entitled to dismissal. *See* Iowa R. Crim. P. 2.4(7)(d). We see no prejudice in the trial information failing to contain the list of witnesses.

As noted above, our analysis of ineffective assistance claims involves a two prong test: did trial counsel breach an essential duty and did prejudice result from said breach. As Brownlee failed to show any prejudice under Iowa R. Crim. P. 2.4(7)(d), we also find that he has failed to establish the prejudice prong required for an ineffective assistance claim. Brownlee is not entitled to prevail on this issue.

### C. Whether the judge who presided over Brownlee's criminal trial was obligated to recuse from hearing the PCR trial.

Brownlee argues the trial judge, by presiding over both the criminal trial and the PCR trial, had a conflict of interest that required recusal. In support of this claim, Brownlee cites to an exchange during the PCR proceedings, where his attorney suggested that the judge should recall evidence of the video admitted in the criminal trial and how the vague image that appears in the video could not have

been Brownlee. In response, the court advised: "I don't have a very good recollection of the—or most of the details of the case. I generally remember it, but no details, and after reading the synopsis by the court of appeals, I did remember a little bit more. Beyond that, I don't remember it very well."

Based on this record, Brownlee argues:

> The above quoted portion of the PCR transcript shows that both the court and Brownlee's attorney were suggesting that the court should try and use its memory from the underlying criminal trial in deciding issues related to the postconviction relief trial. In effect, this is placing the court in the position of a witness, which is not proper.

In support of his argument, Brownlee cites to our opinion in *Kirkland v. State*, No. 16-0642, 2017 WL 4049321, at *4 (Iowa Ct. App. Sept. 13, 2017), where we addressed the issue whether the judge who presided over the criminal trial could also preside over the PCR trial. We noted in that opinion the judge in the PCR proceeding initially made a record whether the defendant/applicant waived any potential conflict the judge may have because she presided over the criminal trial. *Kirkland*, 2017 WL 4049321, at *4. PCR counsel consented to the waiver, commenting that in the criminal appeal the court of appeals had determined the judge had not done anything wrong during the criminal trial. *Id.*

Kirkland argued on appeal that his PCR attorney was ineffective for waiving the conflict. *Id.* He argued the judge made a statement that showed the judge was acting as both the judge and as a witness, a conflict under Iowa Rule of Evidence 5.605.[4] *Id.* A panel of our court addressed the argument:

---

[4] Iowa R. Evid. 5.605 provides: "The presiding judge may not testify as a witness at the trial. A party need not object to preserve the issue." Brownlee does not cite us to this rule of evidence in his brief.

Kirkland claims trial counsel should have objected to the judge presiding at both stages. Motions for recusal are reviewed for an abuse of discretion. The test for recusal is "whether a reasonable person would question the judge's impartiality." Kirkland makes no claim the district court erred, was biased, or partial. We find objecting and filing a motion for recusal would have been meritless as there was no evidence of partiality. Counsel is not required to make meritless objections and so counsel was not ineffective. Because Kirkland raised these issues as ineffective assistance of counsel he must still show "both ineffective assistance and prejudice." We also find there was no prejudice as no allegations of error, bias, or partiality were shown. We affirm the district court.

*Id.* (citations omitted).

We find Brownlee's arguments unpersuasive for a number of reasons. Recently, a panel of our court was called upon to consider the same conflict/recusal issue in *Long v. State*, No. 19-0726, 2020 WL 2061934 (Iowa Ct. App. Apr. 29, 2020).[5] There, we discussed when a judge is required to recuse.

[A] judge need only recuse himself or herself if the alleged personal bias, prejudice, or knowledge of disputed evidentiary facts stems from an *extrajudicial* source. Iowa Code section 602.1606(1) ("A judicial officer is disqualified from acting in a proceeding, except upon the consent of all of the parties, if any of the following circumstances exists: a: The judicial officer has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."); *State v. Smith*, 282 N.W.2d 138, 142 (Iowa 1979) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.") (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)); *In re J.A.P.*, No. 09-0486, 2009 WL 4241795, at *4 n.6 (Iowa Ct. App. Nov. 25, 2009) ("Extrajudicial" means "Outside court; outside the functioning of the court system.") (quoting Black's Law Dictionary 606 (7th ed. 1999)); *State v. Hunter*, No. 01-1919, 2002 WL 31757491, at *3 (Iowa Ct. App. 2002) ("Only personal bias or prejudice stemming from an extrajudicial source and resulting in an opinion on the merits on some basis other than what the judge learned from participation in the case ranks as a disqualifying factor; judicial predilection does not.").

---

[5] In *Long*, the appellant raised Iowa Code section 602.1606, "Judicial Officer Disqualified." Brownlee does not mention this code section.

*Long*, 2020 WL 2061934 at *5.

We previously applied this rule in the PCR context when we decided *Miller v. State*, No. 13-1240, 2015 WL 1815903, at *5 (Iowa Ct. App. Apr. 22, 2015). In concluding it was no abuse of discretion to deny the recusal request, we said, "Mere speculation as to judicial bias is not sufficient to prove the grounds necessary for recusal, nor is a judge's perception or attitude arising from the judge's participation a disqualifying factor. Rather, personal bias or actual prejudice stemming from an extrajudicial source must be shown." *Miller*, 2015 WL 1815903, at *5. Unless the judge determines he or she must disqualify under Iowa Code section 602.1606, there is no basis to recuse just because the same judge presided over the criminal trial and is then presented with a PCR proceeding involving that criminal case. Recusal is not automatically required.

We find the judge was not required to recuse in this case. First, the judge was not asked or required to be a witness. The four issues raised in Brownlee's PCR application dealt with the claim the State had withheld *Brady* material and three ineffective assistance claims, two related to the *Brady* claim and one for failing to move for a change of venue. The evidence showed Brownlee's criminal trial counsel had been provided the supposed *Brady* material, wiping out three of Brownlee's related issues. The court ruling also addressed the change of venue issue, which the court's review of the evidence disclosed did not require a change of venue. The court's PCR ruling supports that the judge was neither a witness nor provided evidence.

In addition, Brownlee asserts the judge was a witness because he was required to apply knowledge of the video that he had acquired during the criminal trial. There is no claim the judge had independent knowledge of facts concerning the crimes. His knowledge was based on having presided over the criminal trial. As pointed out above, only knowledge of facts "stemming from an extrajudicial source" qualify to require recusal. Brownlee has not shown that the judge had personal knowledge other than through his responsibilities as a court officer or obtained in any manner from an extrajudicial source. Applying Iowa Code section 602.1606, the judge had no reason to recuse. So, PCR counsel was not ineffective in failing to object. Brownlee is not entitled to relief on this issue.

### III. Conclusion.

We find these two newly-raised issues to be without merit and deny them. As Brownlee has not challenged the district court ruling denying his original PCR application, it will be affirmed.

**AFFIRMED.**